# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. YARBOROUGH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:02-cv-05094-AWI-SMS PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 102)<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS (Doc. 103)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS, NUNC PRO TUNC TO JANUARY 29, 2007 (Docs. 106 and 107) |

    Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 29, 2006, the undersigned issued a Findings and Recommendations recommending that defendants' motion for summary judgment be granted, and on December 20, 2006, the undersigned issued an order granting plaintiff an additional thirty days within which to file objections.

    On January 29, 2007, plaintiff filed a motion seeking the appointment of counsel, a motion seeking leave to file a response to defendants' statement of undisputed facts along with a proposed response, a motion seeking an extension of time to file objections, and objections.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, the court has recommended defendants' be granted summary judgment, thus concluding this action in its entirety.  Therefore, plaintiff is not likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.  For the foregoing reasons, plaintiff's motion for the appointment of counsel shall be denied.

With respect to plaintiff's desire to respond to defendants' statement of undisputed facts, defendants filed their motion for summary judgment on June 1, 2006, plaintiff filed an opposition on July 21, 2006, and defendants filed a reply on July 31, 2006.  The motion was deemed submitted upon the filing of the reply, Local Rule 78-230(m), and the undersigned addressed the motion in a Findings and Recommendations filed on November 20, 2006.  Plaintiff may not now, after benefitting from receipt of the court's Findings and Recommendations, go back and supplement his opposition to the motion.  The motion has been addressed and plaintiff's only recourse at this juncture is to file objections to the Findings and Recommendations.  Accordingly, plaintiff's motion for leave to file a response to defendants' statement of undisputed facts shall be denied.

Finally, plaintiff filed a motion for an extension of time to file objections along with objections.  In as much as plaintiff filed objections on January 29, 2007, plaintiff's motion for an extension of time shall be granted, nunc pro tunc to January 29, 2007.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed January 29, 2007, is DENIED;

2. Plaintiff's motion for leave to file a response to defendants' statement of undisputed facts, filed January 29, 2007, is DENIED; and

3. Plaintiff's motion for an extension of time to file objections, filed January 29, 2007, is GRANTED, nunc pro tunc to January 29, 2007.

IT IS SO ORDERED.

**Dated:    February 2, 2007**                     /s/ Sandra M. Snyder
icido3                                             UNITED STATES MAGISTRATE JUDGE